UNITED STATES of America,

v.

**Leonard J. SICENAVAGE, Appellant.**

No. 04–3095.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Oct. 17, 2005.

Decided Oct. 31, 2005.

---

Seth Weber, Office of United States Attorney, Philadelphia, PA, for Appellee.

Elizabeth T. Hey, Defender Association of Philadelphia, Philadelphia, PA, for Appellant.

Before SCIRICA, Chief Judge, VAN ANTWERPEN and COWEN, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Chief Judge.

Appellant Leonard Sicenavage pled guilty to one count of armed bank robbery in violation of 18 U.S.C. § 2113(d). The District Court found Sicenavage was subject to the career offender provision of the Federal Sentencing Guidelines and sentenced him to 212 months imprisonment, five years of supervised release, and a $100 fine. Sicenavage challenges his sentence, but not his conviction. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Sicenavage contends the District Court violated his Sixth Amendment rights when it found him to be a career offender under the Sentencing Guidelines. Sicenavage also claims the District Court erred, in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 755–56, 160 L.Ed.2d 621 (2005), in treating the sentencing scheme as mandatory rather than advisory.

In accordance with our decision in *United States v. Davis*, we will vacate the sentence and remand for resentencing in accordance with *Booker*. *United States v. Davis*, 407 F.3d 162, 165 (3d Cir.2005) (concluding defendants sentenced under the previously mandatory guidelines regime should have their sentencing challenge remanded to the District Court).[1]

---

1. In light of our remand to the District Court, we need not address Sicenavage's claim that the District Court erred in sentencing him under the career offender provision of the Guidelines.